UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:19-cv-00476

———

**Billy Todd Bryan,**
*Plaintiff,*

v.

**Outdoor Motor Sports, LLC and Frank Thaxton, IV,**
*Defendants.*

———

## ORDER

This case was originally filed on September 16, 2019, in the 4th Judicial District Court of Rusk County, Texas. Doc. 1. On October 18, 2019, defendants removed the case to this court pursuant to the court's diversity jurisdiction. *Id*. That same day, the case was referred to United States Magistrate Judge K. Nicole Mitchell to the full extent allowable under 28 U.S.C. § 636(b). Doc. 4. One week later, plaintiff filed a motion to remand for lack of subject matter jurisdiction, arguing that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) was not met. Doc. 6. Defendants responded. Doc. 7.

On August 3, 2020, the magistrate judge issued a report recommending that the motion be denied. Doc. 8. Plaintiff filed timely objections to the report. Doc. 9. On September 10, 2020, the magistrate judge withdrew her first report and issued a second report recommending that the court grant the motion to remand. Doc. 12. Defendants filed timely objections to this second report and filed a motion for leave to supplement the record. Docs. 13 & 15. Therefore, the court reviews the objected-to portions of the magistrate judge's recommendation de novo. Fed. R. Civ. P. 72(b)(3).

The parties agree that plaintiff's damages in this case will not exceed $59,438.40. Doc. 6 at 2; Doc. 7 at 3. Plaintiff may, however, be eligible for an award of attorney's fees under the Texas Deceptive Trade Practices Act. Tex. Bus. & Comm. Code

§§ 17.41 et seq. The parties agree that any grant of attorney's fees should be included in the calculation of the amount in controversy. Therefore, the motion turns on the size of such an award.

**Motion to supplement the record**

Defendants' motion to supplement the record does not cite to the Federal Rules of Civil Procedure, but a motion to supplement at this stage in the case is governed by Rule 15(d). That subsection allows a court "[to] permit a party to serve a supplementary pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d). Defendants' purpose is to supplement the record with a new declaration from Mr. Winslett. Doc. 13 ¶ 5.

The Federal Rules of Civil Procedure can be a tonic for deficient pleadings, but the rules are not designed to prolong litigation in the eleventh hour. Under the plain text of Rule 15(d), and the authorities interpreting it, defendants' motion should be denied because the Rule only embraces events that have happened "after the date of the pleading to be supplemented." *See* 6A Charles Alan Wright et al., *Federal Rules of Practice and Procedure* § 1504, at 245 (3d ed. 2010). Defendants do not attempt to supplement the record with post-pleading events. Instead, they seek to use Rule 15(d) to remedy deficiencies in their notice of removal (Doc. 1) almost a year after it was filed. Defendants' motion for leave is **denied**.[1] Therefore, the motion to remand will be evaluated based on the pleadings that were before the magistrate judge.

---

[1] To the extent that defendants' motion could be construed as a motion to amend pleadings under Rule 15(b), as opposed to a motion to supplement, the motion is denied because of undue delay. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

## Motion to remand

Alongside his motion to remand, plaintiff submitted the affidavit of his attorney, Ron Adkison. Adkison asserted that "the amount in controversy is below $75,000. Plaintiff's alleged damages, even if trebled, cannot exceed $59,438.40. Attorney fees and costs are insufficient to raise the amount in controversy above $75,000." Doc. 6 at 6. Defendants rely on the affidavit of their attorney, Greg Winslett. He asserts that "plaintiff's reasonable and necessary attorney's fees through trial of this lawsuit will exceed $20,000." Doc. 1 at 8.

The magistrate judge recited all the relevant standards in her report. It is defendants' burden to show, by a preponderance of the evidence, that the amount-in-controversy requirement is met. *Watson v. Provident Life & Acc. Ins. Co.*, No. 3:08-cv-2056-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If defendants meet that burden, plaintiff must show to a legal certainty that the amount in controversy is below the threshold. Doc. 8 (citing *Allen*, 2009 WL 1437823 at *2). Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *Id.* (citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)). Therefore, all doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Id.* (citing *Acuma v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Defendants do not identify a misstatement of law or an error of fact. Rather, defendants object to the magistrate judge's application of the law to the evidence. Doc. 15. Here, it is not facially apparent that plaintiff's claimed damages reach the jurisdictional minimum.[2] Plaintiff argues that the affidavit

---

[2] Plaintiff's anticipated treble damages and attorney's fees are the main components of the amount in controversy. Trebled, the damaged from the relevant purchase amount to $59,438.40. Therefore, jurisdiction in this case hinges on attorney's fees.

upon which defendants rely is conclusory and is therefore not the "summary judgement type" evidence the court should consider in resolving a dispute of this kind. *Id.* at 6-7. Alternatively, plaintiff argues that the affidavits are equally conclusory. *Id.* at 7. Therefore, plaintiff argues, the presumption in favor of remand requires that the competing affidavits be resolved in his favor. *Id.*

The magistrate judge's recitations of applicable law are hereby **adopted** because they are unobjected to and contain no clear error. The court will not recite legal standards except as necessary to explain the court's ruling.

Here, both parties submitted conclusory affidavits from opposing counsel on the issue of attorney's fees. *See Allen v. R&R Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (noting that removal "cannot be based simply upon conclusory allegations"). Because they raise issues of self-dealing, courts do not accept conclusory assertions on fees from the counsel participating in the removed case. *See, e.g., McGylnn v. Huston*, No. 09-829-JJB, 693 F. Supp. 2d 585, 596 n. 10 (M.D. La. Mar. 5, 2010) (collecting cases); *Wolk v. National Union Fire Insurance Co. of Pittsburgh, PA*, No. 6:12-cv-960-Orl-19KRS, 2012 WL 12952758, at *5 (M.D. Fla. Sept. 7, 2012) (same). Instead of relying on conclusory affidavits, litigants should provide more concrete information, such as:

- citations to cases with similar facts and allegations indicating the amount of attorney's fees incurred in those cases;

- discussion of the potential legal work required to achieve the desire outcome in the case; or

- submission of an expert affidavit indicating the probable costs of the litigation and the amount of attorney's fees that would reasonably be expected to be awarded in a case of this type that is litigated to judgment.

*See McGlynn*, 693 F. Supp. 2d at 596; *see also Edwards v. Wal-Mart Stores, Inc.*, 2006 WL 8440541 at *2 (E.D. Tex. 2006) (stressing that the removing party's affidavits should evidence the "empirical value" of the different forms of relief and the attorney's fees). Neither party has provided any concrete evidence that the court could rely upon to satisfy the amount-in-controversy requirement.

Because it is defendants' burden to demonstrate that the necessary ingredients of federal jurisdiction exist, the consequences of failing to provide more reliable evidence fall on defendants. After reviewing the evidence submitted, the court finds that defendants have not met their burden of demonstrating that more than $75,000 was in controversy by a preponderance of the evidence. *See McGlynn*, 693 F. Supp. 2d at 596 (remanding case under similar circumstances).

### Conclusion

Because all factual disputes and ambiguities should be resolved in favor of remand and the competing affidavits here are equally conclusory, the court **overrules** defendants' objections. The magistrate judge's report and recommendation (Doc. 12) is therefore **adopted**. Accordingly, upon a de novo review of the objected-to portions of the report, the court **grants** plaintiff's motion to remand (Doc. 6). Any pending motions are **denied as moot**. This case is hereby **remanded** to the 4th Judicial District Court of Rusk County, Texas. The clerk of court is **directed** to transmit such notice and documents to that court as are required by law and to close this case.

*So ordered by the court on September 28, 2020.*

J. Campbell Barker
United States District Judge

- 5 -